# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DAVID J. DELAITTRE,<br><br>           Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, in her official capacity as Acting Commissioner of the UNITED STATES SOCIAL SECURITY ADMINISTRATION,<br><br>           Defendant. | **NO.**<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

NOW COMES the Plaintiff, DAVID J. DELAITTRE, by and through counsel, and complains against the Defendant, CAROLYN W. COLVIN, in her official capacity as Acting Commissioner of the United States Social Security Administration, as follows:

## INTRODUCTION

1. Plaintiff DAVID J. DELAITTRE (hereinafter referred to variously as "Plaintiff," "Plaintiff DeLaittre" or "Judge DeLaittre") is a resident of Seattle, County of King and State of Washington.

2. Defendant CAROLYN W. COLVIN (Colvin) is the Acting Commissioner of the United States Social Security Administration.

Complaint and Demand for Jury Trial - 1           BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
                                                  Attorneys at Law
                                                  3330 Kitsap Way
                                                  Box 5060, West Hills Station
                                                  Bremerton, WA 98312
                                                  TELEPHONE (360) 377-7691
                                                  FACSIMILE (360) 377-5484

3. DEBRA BICE is the Chief Administrative Law Judge (CALJ), Office of Disability Adjudication & Review; JOHN ALLEN is the Deputy Chief Administrative Law Judge (DCALJ), Office of Disability Adjudication and Review; SUSAN BROWN is the Regional Management Officer (RMO) of Region 10. Individuals identified in Paragraphs 2 through 3 are hereinafter collectively referred to as Defendant SSA.

4. Judge DeLaittre is an employee of Defendant SSA. At present he is the Regional Chief Administrative Law Judge (RCALJ), Region 10, Office of Disability Adjudication and Review in Seattle, Washington.

5. By letter dated October 29, 2015, Defendant SSA provided Judge DeLaittre with notice of right to file a civil action in U.S. District Court. Judge DeLaittre exhausted his administrative remedies, or in the alternative, is permitted to file his action in Federal District Court at this time as a matter of law.

6. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Judge DeLaittre demands a jury trial on all claims asserted in this Complaint.

**STATEMENT OF FACTS**

8. Judge DeLaittre is a 71-year-old blind male.

9. Judge DeLaittre served as a line Administrative Law Judge (ALJ) for Defendant SSA from 1991 until his appointment as the RCALJ in 2000.

10. No adverse actions have ever been taken prior to December 27, 2013, regarding Judge DeLaittre's performance or management.

11. Judge DeLaittre was qualified for the position of the RCALJ.

12. Defendant SSA was at all times relevant to this complaint aware of Judge

Complaint and Demand for Jury Trial - 2

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

DeLaittre's age, disability, accommodations, and his senior executive status.

13. It was Debra Bice and Susan Brown's position that the RMO should have more authority than the RCALJ over employees and ALJ's.

14. It was also Debra Bice and Susan Brown's position and that a blind RCALJ was not capable of shouldering the requirements of the office.

15. On numerous occasions, including in 2013, Judge DeLaittre counseled Marilyn Mauer, ALJ, regarding her failure to accommodate disabled recipients of social security benefits, and her unprofessional and abusive tone and manner towards recipients and/or staff.

16. In response, in September 2013, Marilyn Mauer made allegations of harassment and hostile work environment against Plaintiff.

17. Marilyn Mauer's allegations of harassment included a complaint that Judge DeLaittre told her to smile, and asked her if she completed the emotional quotient test.

18. Assistant Deputy Chief Judge Frank Cristaudo provides training to Defendant SSA's employees regarding manager and judge's decorum.

19. Judge Cristaudo's motto is to "Have Fun and Smile."

20. Defendant SSA requires emotional intelligence or emotional quotient training for new managers.

21. By letter dated December 2, 2014, Judge DeLaittre's counsel notified Defendant SSA that Marilyn Mauer simply accuses Plaintiff of reinforcing Defendant SSA's dictates to managers and judges regarding communication style and hearing decorum.

22. The December 2, 2014 letter from Jeffery Campiche to Carolyn Colvin referenced

Complaint and Demand for Jury Trial - 3

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

in the previous paragraph is attached as **Exhibit A** (without internal attachments).

23. In September 2013, Debra Bice launched an investigation against Judge DeLaittre based on Marilyn Mauer's allegations.

24. During the 2013 investigation of Marilyn Mauer's allegations, Lorraine Vega, Regional Director of Operations and Administration of Region 10 (RDOA), reported that Plaintiff had grabbed, bear hugged, and kissed her in an elevator in 2010.

25. Lorraine Vega also reported that Judge DeLaittre sexually harassed her in an elevator again in 2013.

26. Lorraine Vega had never made a report about Judge DeLaittre's alleged sexual harassment prior to the investigation of Marilyn Mauer's allegations against him.

27. Although Lorraine Vega told at least one or more managers about the alleged harassment described above, none of the managers documented or reported the allegations.

28. Lorraine Vega and the managers to whom she reported the allegations against Plaintiff failed to follow the strict SSA/EEO policies regarding the reporting of harassment in the workplace.

29. On December 27, 2013, John Allen placed Judge DeLaittre on administrative leave pending disciplinary action based on the allegations against Plaintiff identified above.

30. Judge Allen removed Plaintiff from his management duties.

31. Judge Allen instructed Judge DeLaittre to have no communication with any Region 10 employees except for "pleasantries."

Complaint and Demand for Jury Trial - 4

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

32. Judge Allen did not provide his definition of "pleasantries" to Judge DeLaittre.

33. Defendant SSA prohibited Plaintiff from travelling for work.

34. Defendant SSA prohibited Plaintiff from participating in meetings, including meetings of a social nature.

35. Defendant SSA limited Plaintiff to only one restroom facility.

36. Defendant SSA stripped Plaintiff of all of his duties as the RCALJ.

37. Defendant SSA imposed the limitations identified above on Plaintiff before Defendant SSA completed the investigation into the allegations against Plaintiff, and specifically before Defendant SSA conducted appropriate interviews, including interviews of other female workers in the Region 10 office.

38. Beginning in September 2013, Defendant SSA conducted an almost two year investigation of Judge DeLaittre for claims of sexual harassment and hostile work environment based on the allegations against him as described above.

39. Defendant SSA's investigation identified in the preceding paragraph was biased, incomplete, and unprofessional.

40. In a letter dated February 18, 2014, Judge DeLaittre made Defendant SSA aware of the numerous defects and deficiencies in Defendant SSA's investigation identified above.

41. The February 18, 2014 letter from Judge DeLaittre to Judge Allen referenced in the previous paragraph is attached as **Exhibit B**.

42. Defendant SSA refused to address or respond to the Plaintiff's concerns identified in the preceding two paragraphs.

Complaint and Demand for Jury Trial - 5

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

43. Defendant SSA selectively chose to accept as credible only those witnesses who had a discriminatory animus towards Plaintiff because he is blind.

44. During the investigation identified above, Defendant SSA unjustifiably endorsed the testimony of managers in the Region 10 office who have ridiculed Plaintiff's disability (blindness), stating that he "bounces off the walls."

45. During the investigation identified above, Defendant SSA unjustifiably endorsed the testimony of Marilyn Mauer, who refuses to allow service dogs and assistive devices for claimants in her hearings.

46. Defendant SSA's questioning of Plaintiff in February 2014 was a hostile, adversary interrogation, lacking in common decency.

47. Defendant SSA asked Plaintiff, "Have you ever stated that you hired Kathleen Williams because she has "big tits"?

48. Defendant SSA had no credible evidence to justify the question identified in the previous paragraph.

49. Defendant SSA subjected Plaintiff to scorn, humiliation, and gossip, specifically gossip by Susan Brown, Lorraine Vega, Jeff Lonkert, and Elaine Otti of allegations that he had sexual or sexualized relationships with a number of women in the office.

50. Defendant SSA has done nothing to prevent the managers of the Region 10 office from continuing to spread malicious rumors about Plaintiff.

51. The ongoing harassment of Judge DeLaittre, and the false allegations and subsequent investigation described herein were a pretext in an attempt to force Judge DeLaittre to resign from his position.

Complaint and Demand for Jury Trial - 6

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

52. On or about November 26, 2014, Judge DeLaittre filed a formal Complaint with the EEO alleging discrimination based on age, sex, disability, and retaliation,

53. On or about December 12, 2014, Judge John Allen informed Judge DeLaittre that the employee who had been his assistant and accommodation for the past 15 years, Kathleen Williams, was being replaced by an employee that Defendant SSA would interview and hire.

54. The December 12, 2015 email from Judge Allen to Judge DeLaittre referenced in the previous paragraph is attached as **Exhibit C**.

55. Judge Allen gave no valid reason for the replacement of Judge DeLaittre's reasonable accommodation, Kathleen Williams.

56. Lorraine Vega falsely and without any factual basis accused Kathleen Williams of trespassing into managers' offices.

57. The accusations against Kathleen Williams described in the preceding paragraph created additional difficulties for Plaintiff in utilizing his accommodation.

58. On or about March 23, 2015, Judge Allen also informed Judge DeLaittre that he was no longer allowed to use a parking pass that had been assigned as a condition of his employment as a Senior Executive for the previous 15 years, which accommodated him in the fulfillment of all of his work-related duties.

59. The March 23, 2015 email from Judge Allen to Judge DeLaittre referenced in the previous paragraph is attached as **Exhibit D**.

60. Plaintiff used his parking space so employees who assisted him with getting to and from work and with work-related travel in Region 10 would have a place to park.

Complaint and Demand for Jury Trial - 7

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

61. Judge Allen's removal of the parking pass left Judge DeLaittre with only public transportation or family support for commuting, causing him added stress and difficulties in commuting to work in a reliable and safe manner.

62. Defendant SSA unilaterally changed Plaintiff's reasonable accommodation and parking pass without any interactive discussion about Judge DeLaittre's need for accommodations.

63. On February 17, 2015, Debra Bice filed an MSPB action against Judge DeLaittre.

64. The MSPB action against Plaintiff was filed despite the fact that Debra Bice knew or should have known that one or more of the specifications contained in the MSPB action were untrue.

65. Defendant SSA refused to provide Judge DeLaittre with reasonable accommodations for the defense of the MSPB action against him, and he had to use his wife as a reader.

66. Judge DeLaittre's wife was never compensated for her services as a reader.

67. On February 19, 2015, Debra Bice determined that the allegations of her administrative investigation identified above were unfounded for either sexual harassment or hostile work environment.

68. The February 19, 2015 letter from Debra Bice to Judge DeLaittre referenced in the previous paragraph is attached as **Exhibit E.**

69. Notwithstanding the findings of the SSA investigation, Debra Bice gave Judge DeLaittre notice that she will still be taking other actions against him.

70. Debra Bice's actions herein are both discriminatory and retaliatory.

Complaint and Demand for Jury Trial - 8            BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

71. Due to Defendant SSA's actions, Plaintiff has sustained damages including pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, physical illness, other non-pecuniary losses, attorney's fees and costs.

## COUNT ONE
## DISCRIMINATION BASED ON DISABILITY
## 29 U.S.C. § 791, 794

72. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 71 of this complaint.

73. Plaintiff is a qualified individual with a disability that substantially limits a major life activity. Defendant SSA was aware of Plaintiff's disability. Plaintiff was qualified to fill the role of Regional Chief Administrative Law Judge. Defendant SSA took adverse action against Plaintiff by constructively removing Plaintiff from his role. Plaintiff was treated differently because of his disability.

74. Defendant SSA failed to accommodate Plaintiff's disability by removing or modifying Plaintiff's existing reasonable accommodations, including his assistant/reader and parking pass. These accommodations were available, effective, and would not have posed an undue hardship to Defendant SSA.

75. Defendant SSA subjected Plaintiff to a hostile work environment. Plaintiff suffered unwanted harassment through Defendant SSA's actions as described herein above. The harassment was based on Plaintiff's disability. The harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment.

Complaint and Demand for Jury Trial - 9

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

**COUNT TWO
AGE DISCRIMINATION
29 U.S.C. § 623, 633(a)**

76. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 75 of this Complaint.

77. Plaintiff is a member of a protected class by virtue of his age, 40 years of age or over at all times relevant to this complaint.  Defendant SSA constructively removed Plaintiff due to Plaintiff's age.

78. The hostile and abusive working environment as set forth herein above was created by Defendant's discriminatory conduct based on Plaintiff's age.

**COUNT THREE
RETALIATION
42 U.S.C. § 2000e-3(a)
29 U.S.C. § 623(d)**

79. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 78.

80. Plaintiff is a member of a protected class because he previously engaged in EEO activity.  Defendant was directly aware of Plaintiff's prior EEO activity.

81. Defendant SSA modified Plaintiff's reasonable accommodations and filed baseless MSPB claims against Plaintiff, which were aimed at dissuading Plaintiff from making or supporting a charge of discrimination.  This action was taken due to Plaintiff's EEO complaint.

Complaint and Demand for Jury Trial - 10

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

**COUNT FOUR**
**DUE PROCESS**
**Fifth Amendment**

82. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 81.

83. Defendant SSA took adverse employment action against Plaintiff without a prompt, thorough, and impartial investigation.

84. Defendant SSA had no policy or procedure to ensure due process in the Administrative Investigation.

85. As a result of the Defendant's improper and unprofessional investigation, Judge DeLaittre has been deprived of his Due Process, and has sustained damages.

**COUNT FIVE**
**SEX DISCRIMINATION**
**42 U.S.C. § 2000e et seq.**

86. Plaintiff repeats, realleges, and incorporates herein by reference the allegations contained in Paragraphs 1 through 85 of this Complaint;

87. Defendant SSA constructively removed Plaintiff due to Plaintiff's sex.

88. The hostile and abusive working environment as set forth herein above was created by Defendant SSA's discriminatory conduct based on Plaintiffs sex.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court:

1. Award Plaintiff compensatory and punitive damages, the amount of which is to be determined at trial but is not less than $1,000;

Complaint and Demand for Jury Trial - 11

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484

2. Award Plaintiff his costs and reasonable attorneys fees incurred in this action; and

3. Grant such other relief as the Court may deem just and proper.

Dated this 4th day of December, 2015.

        */s/ John C. Andrews*
JOHN C. ANDREWS, WSBA No. 21387
Bishop, Cunningham, & Andrews, Inc. P.S.
Attorneys for Plaintiff David DeLaittre
3330 Kitsap Way Ste. B
Bremerton, WA 98312
Tele: 360.377.7691 Facsimile: 360.377.5484
Email addresses:
jandrews@bcalawyers.com
maryann@bcalawyers.com


        */s/ Jeffery M. Campiche*
JEFFERY M. CAMPICHE, WSBA No. 7592
Campiche Arnold, PLLC
Attorney for Plaintiff David DeLaittre
Market Place Tower, Suite 830
2025 First Avenue
Seattle, WA  98121
Tele: 206.281.9000 Facsimile:  206.281.9111
Email addresses:
jcampiche@campichearnold.com
lharris@campichearnold.com

Complaint and Demand for Jury Trial - 12

BISHOP, CUNNINGHAM & ANDREWS, INC., (P.S.)
Attorneys at Law
3330 Kitsap Way
Box 5060, West Hills Station
Bremerton, WA 98312
TELEPHONE (360) 377-7691
FACSIMILE (360) 377-5484