UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID J. DELAITTRE,

          Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security

          Defendants.

CASE NO. C15-1905-RAJ

ORDER RE: MOTIONS TO UNSEAL, TO REMOVE CONFIDENTIALITY DESIGNATIONS, AND FOR SANCTIONS, AND MOTION TO SEAL

## INTRODUCTION

In motions before the Court (Dkts. 28, 42, 57), plaintiff David DeLaittre seeks to unseal his pending motion for partial summary judgment regarding retaliation (*see* Dkt. 30), his reply to defendant's opposition to that motion (*see* Dkt. 54), and his opposition to defendant's pending motion for partial summary judgment (*see* Dkt. 39). Plaintiff also seeks removal of confidentiality designations made by the Social Security Administration (SSA) and sanctions for overbroad designations. Defendant Nancy A. Berryhill opposes plaintiff's motions and moves to seal her opposition to plaintiff's motion for partial summary judgment (*see* Dkt. 46). (Dkt. 44.) For the reasons set forth below, plaintiff's motions (Dkts. 28, 42, 57) are DENIED and

ORDER
PAGE - 1

defendant's motion (Dkt. 44) is GRANTED.[1]

## BACKGROUND

Plaintiff is a Regional Chief Administrative Law Judge in the Office of Hearing Operations (formerly the Office of Disability Adjudication and Review (ODAR)) for the SSA. He alleges violation of the Americans with Disabilities Act and his civil rights through adverse employment actions by the SSA and ODAR. (Dkt. 1.) Among other claims, plaintiff alleges retaliation for his engagement in protected activity (*id*. at 10), including, as addressed in his motion for partial summary judgment (*see* Dkt. 30), retaliation resulting from the filing of his lawsuit.

The parties in this case entered into a Stipulated Protective Order governing the designation and treatment of confidential, proprietary, or private information or materials produced in discovery. (Dkt. 17.) The order does not confer blanket protection on all disclosures or discovery responses, extends only to information or items "entitled to confidential treatment under applicable legal principles," and does not presumptively entitle the parties to file confidential information under seal. (*Id*. at 1-2.) Confidential material includes medical records and information, personnel and employment-related records, tax records, statements of any current or former government employee regarding a workplace or Office of Inspector General investigation, complaint, or allegation, documents related to any current or former government employee's protected activity, and any other records the release of which without a protective order would potentially violate the Privacy Act, 5 U.S.C. § 552a. The parties must designate only the parts of documents or other material that qualify for protection and clearly identify the

---

[1] United States District Judge Richard A. Jones referred plaintiff's first two motions to unseal, as well as defendant's motion to seal, to the undersigned on November 27 and 28, 2017. The undersigned also herein considers plaintiff's related third motion to unseal, as plaintiff appears to contemplate in that motion. (*See* Dkt. 57 at 3.)

ORDER
PAGE - 2

protected portions. (*Id.* at 4-5.)

Plaintiff now moves to unseal briefing and attachments associated with pending motions for partial summary judgment, to remove confidentiality designations, and for sanctions. Defendant argues the propriety of the confidentiality designations and the filing of the summary judgment briefing and attachments under seal pursuant to the protective order and in compliance with applicable laws and policies.

## DISCUSSION

There is a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). The Court starts with a strong presumption favoring the public's access to court records. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). *Accord* Local Civil Rule (LCR) 5(g) ("There is a strong presumption of public access to the court's files.") This presumption is "'based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoted and cited sources omitted). The presumption applies fully to dispositive pleadings and attachments. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

The public right of access is qualified, not absolute. *United States v. Bus. of the Custer Battlefield Museum*, 658 F.3d 1188, 1192 (9th Cir. 2011). *Accord Nixon*, 435 U.S. at 597. Documents attached to a summary judgment motion may be filed or maintained under seal when a party can "'articulate[] compelling reasons supported by specific factual findings'" that outweigh the public's interest in access. *Kamakana*, 447 F.3d at 1178 (quoted source omitted).[2]

---

[2] The Ninth Circuit has explained that compelling reasons are required when considering documents attached to a motion for summary judgment "because the resolution of a dispute on the merits,

ORDER
PAGE - 3

As a general matter, compelling reasons sufficient to outweigh the public interest and justify maintaining court records under seal "exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon*, 435 U.S. at 598).

The decision on access rests within the discretion of the district court, exercised with consideration of the facts and circumstances at issue. *Nixon*, 435 U.S. at 599. In sealing or retaining a seal, the court must "'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Kamakana*, 447 F.3d at 1179 (quoted source omitted).

Plaintiff's summary judgment briefing is supported by and contains quotes from documents and deposition transcripts designated confidential by defendant. Plaintiff states the quoted portions do not contain personal or identifying information, and are no more than excerpts of witness statements and transcripts establishing discriminatory conduct by ODAR managers and employees. He avers defendant designated as confidential nearly every page of documents produced and most witness deposition transcripts in their entirety.

Prior to filing his summary judgment briefing, plaintiff rejected redactions to certain documents proposed by defendant as an alternative to filing under seal. He maintains the

---

whether by trial or summary judgment, is at the heart of the interest in ensuring 'the public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (*citing Foltz*, 331 F.3d at 1135-36 ("'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoted sources omitted). More recently, the Ninth Circuit "ma[d]e clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1097-1102 (concluding a motion for preliminary injunction was more than tangentially related to the merits of the case and requiring compelling reasons, rather than the "good cause" exception applied to documents attached to a discovery motion unrelated to the merits of a case).

proposed redactions conceal information necessary for proving his claim, do not allow the reader to determine the information concealed, and present an attempt to hide SSA employees' misconduct. He contends the proposed redaction of the name of a specific email author and interviewee make it difficult, if not impossible, to use one of the most important documents supporting his theory of liability, and deny him the ability to attribute discriminatory and retaliatory acts to the individual accused. (Dkt. 28 at 4-5 (citing Dkt. 29, Exs. A & C).) Plaintiff observes this same individual is already identified in the complaint and that the documents at issue do not provide any personal, confidential information.

Plaintiff maintains that, despite his repeated objections, defendant failed to provide any legal authority for the confidentiality designations. He requests legal authority for each page designated confidential, and an order to unseal and remove the confidentiality designation on the documents and transcripts filed in support and opposition to pending motions for partial summary judgment. Plaintiff also requests sanctions for the designation of "nearly all" documents as confidential in order to deter future violation of the protective order, court rules, or jurisprudence prohibiting such improper designation in an effort to conceal the illegal conduct of government employees. (*See* Dkt. 28 at 12, Dkt. 42 at 9, and Dkt. 57 at 4.)

Defendant notes that the cross motions for partial summary judgment entail consideration of alleged retaliation for employees' engagement in protected activities. Defendant points to, in addition to plaintiff's activity, the protected activity of fourteen witnesses who testified in a Merit Systems Protection Board (MSPB) case addressing allegations of misconduct by plaintiff, and of ten witnesses who gave statements in an investigation into whether plaintiff retaliated against witnesses in the MSPB matter. (*See* Dkts. 30 & 36.) Defendant argues maintaining documents under seal would alleviate the concerns of all SSA employees about exposure to

retaliation. (*See, e.g.*, Dkt. 36, Ex. B at 22, 54-55 (MSPB decision pointing to testimony in which SSA employees expressed fear of retaliation).) She notes that a former SSA employee has expressed concern about information publicly accessible in the complaint. (*See* Dkt. 45.)

Defendant also points to the SSA's statutory and regulatory obligations to protect the privacy of its employees. *See* 20 C.F.R. § 401.5. Under the Privacy Act of 1974, the SSA may not disclose any record contained in a system of records unless the disclosure is permitted under a specific exemption. 5 U.S.C. § 552a(b); 20 C.F.R. §§ 401.10, 401.110(c). Defendant asserts that, while the agency may disclose records pursuant to a discovery request under its "routine use" regulations, 5 U.S.C. § 552a(b)(3), routine use does not permit the subsequent disclosures that could occur if documents were made available to the public. *Cf.* 81 Fed. Reg. 87119, 87120 (2016) (permitting, as routine use, disclosure of harassment investigation files to "a court or other tribunal, or another party before such court or tribunal").

The Privacy Act requires the SSA to establish safeguards to insure the security and confidentiality of records and protect against "any anticipated threats or hazards to their security or integrity which could result in substantial harm, embarrassment, inconvenience, or unfairness to any individual on whom information is maintained[.]" 5 U.S.C. § 552a(e)(10). Defendant contends the public filing of the documents at issue here could result in substantial harm, embarrassment, inconvenience, or unfairness to SSA employees. For example, an MSPB decision discusses incidents in which plaintiff was found to have made "insensitive, offensive, disrespectful, or otherwise inappropriate" comments regarding SSA employees' race, gender, ethnicity, or private information, but does not disclose the identities of third-party employees discussed in such comments and was not, therefore, designated confidential. (Dkt. 36, Ex. B at 90); *Soc. Sec. Admin. v. DeLaittre*, No. CB-7521-15-0014-T-1, 2016 WL 1580140 (April 13,

ORDER
PAGE - 6

2016). On the other hand, an investigation statement, designated confidential and taken from the same email author and interviewee discussed by plaintiff in his motions to unseal, includes the identities of the third-party employees and other private information, such as the disciplinary histories of those employees. (Dkt. 30, Ex. Q.)

Defendant denies the SSA proposed unreasonable redactions or that plaintiff is entitled to sanctions. (*See* Dkt. 44 at 6-7.) She suggests the proposed redactions served to prevent the identification of uninvolved employees through revelation of the structural relationship of involved employees. Defendant further asks that, if concluding documents should not be under seal, the Court allow redactions of sensitive information discussed within, as well as the identities of the individuals reporting or discussing such information. Defendant denies any effort to conceal improper or illegal conduct, and notes the production of thousands of documents, including those deemed confidential pursuant to the protective order.

Plaintiff has not been denied access to any of the documents designated as confidential. While proposed redactions to confidential documents may have posed difficulty in crafting a motion not subject to filing under seal, the confidentiality designations have not interfered with or prevented plaintiff from pursuing or proving his claims. The question before the Court is whether the documents at issue, and the motions quoting and attaching those documents, should be available for review by the public.

The motions now subject to review do not easily allow for an individualized analysis of the many different documents quoted in and attached to the summary judgment briefing. Neither party takes the opportunity to distinguish between the documents designated and not designated confidential, or to address the confidentiality designations disputed on a document-by-document basis. The parties, instead, focus on or provide examples in relation to only a few individual

documents. Also, while plaintiff asserts "nearly all" documents and entire deposition transcripts have been improperly designated confidential, the Court lacks specific information allowing for a conclusion as to the merits of that contention. Nonetheless, having considered the arguments as raised by the parties, and balancing the strong presumption of public access to court files with the competing interests set forth by defendant, the Court finds compelling reasons to retain the confidentiality designations and to maintain the summary judgment briefing and attachments under seal.

As defendant observes, this case involves allegations of retaliation and the fear of retaliation by a number of current SSA employees, including, but not limited to, plaintiff. (*See, e.g.*, Dkt. 29, Exs. A-D, Q-S, CC; Dkt. 36, Ex. B at 22, 54-55.) Plaintiff's motion for partial summary judgment, in particular, directly addresses both his claim of retaliation and the protected activities of other SSA employees. Documents plaintiff seeks to deem non-confidential involve or relate to allegations, complaints, and investigations of alleged retaliatory and other discriminatory acts, and protected activity of current SSA employees. Some of the documents include personal information about SSA employees and implicate the SSA's obligations under the Privacy Act. (*See, e.g.,* Dkt. 29 at Ex. Q.) SSA employees identified and discussed in the documents are not limited to plaintiff and other individuals named in the complaint.

Removal of the confidentiality designations exposes plaintiff and other SSA employees to the possibility of retaliation, and to the disclosure of information that could result in substantial harm, embarrassment, inconvenience, or unfairness. Maintaining the confidentiality designations will minimize the possibility of harm to SSA employees identified and/or discussed in the documents. It will further avoid a chilling effect on SSA employees exposed or subject to

retaliatory or other discriminatory acts, and/or engaging in protected activity. To the extent the documents discuss or reveal information about third parties not identified in or directly related to the allegations in plaintiff's complaint, the need for confidentiality is particularly compelling. *See Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir. 2016) ("'[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). However, the mere fact a document relates to an SSA employee discussed in the complaint does not nullify the above-described compelling considerations warranting confidentiality and the protection of privacy.

Defendant, in sum, identifies compelling considerations "outweigh[ing] the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" *Kamakana*, 447 F.3d at 1178-79 (quoted sources omitted). The Court finds no basis for removing the confidentiality designations, unsealing the summary judgment briefing and attachments, or for sanctions against defendant. Defendant's confidentiality designations should remain pursuant to the Stipulated Protective Order entered in this case and in accordance with the SSA's obligations under the Privacy Act, and the briefing quoting and attaching those documents should remain under seal.

The Court further takes note of the Stipulated Protective Order's recognition that its protections "do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise." (Dkt. 17 at 2.) This Order should be understood to apply at this juncture and extend to consideration of the pending motions for partial summary judgment, and not addressing considerations as to the use, relevance, or admissibility of evidence at trial.

/ / /

ORDER
PAGE - 9

## CONCLUSION

Considering the facts and circumstances at issue in this case, the Court finds compelling reasons to maintain confidentiality designations and the filing of the summary judgment briefing and attachments under seal, and concludes those reasons outweigh the public's interest in access to the Court's files. Accordingly, plaintiff's motions to unseal, to remove confidentiality designations, and for sanctions (Dkts. 28, 42, 57) are DENIED, and defendant's motion to file her opposition under seal (Dkt. 44) is GRANTED.

DATED this 11th day of December, 2017.

Mary Alice Theiler
United States Magistrate Judge